STATE OF CONNECTICUT *v.* LARRY NEAL GATES

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1412

Argued October 8—decided October 8, 1982

*Maxwell Heiman,* for the appellant (defendant).

*Robert M. Meyers,* assistant state's attorney, for the appellee (state).

BIELUCH, J. The defendant has petitioned this court for a review of the "Trial Court's denial of a Motion for the exclusion of the public" from all hearings in the absence of the jury concerning his motion to suppress evidence. An application for a stay of the proceedings pending the outcome of this petition for review was also denied by the trial court. The defendant thereafter petitioned this court pursuant to Prac-

tice Book §§ 1064 and 3096 (4) for a stay of the trial proceedings pending the determination of his petition for review.

This court, on its own motion, heard the parties on the question of its jurisdiction to consider these matters. The jurisdiction of the Appellate Session of the Superior Court is set forth in General Statutes § 51-197d. Subsection (10) thereof authorizes appeals from "[a]ny court order prohibiting any person from attending any session of court." In addition, General Statutes § 51-164x (a) provides that "[a]ny person affected by a court order which prohibits any person from attending any session of court, whether at a pretrial or trial stage, shall have the right to appeal such order by filing a petition for review with the appellate session of the superior court." In this case, since no court closure order was entered by the trial court, neither of these jurisdictional provisions are applicable. The language of these statutes is clear and unambiguous. The defendant would have us read into them by construction a meaning not apparent in the statutory language, but which he contends was intended by the legislature. "This we will not do. We are confined to the intention which is expressed in the words which the legislature has used." *Baston v. Ricci*, 174 Conn. 522, 528, 391 A.2d 161 (1978).

Practice Book § 1088 requires that appeals from court closure orders shall be expedited and such orders shall be stayed upon the filing of any petition for review. Here, however, since the court did not order the closure of the trial proceedings as requested by the defendant, the automatic stay authorized by this provision did not apply. The defendant, nonetheless, asserts that Practice Book § 895 should be liberally construed so as to confer jurisdiction upon this court over the defendant's petitions. We do not agree.

Section 895 provides: "(a) Upon motion of the prosecuting authority or of the defendant, or upon his own motion, the judicial authority may, when constitutionally permissible, order that the public, which may include the news media, be excluded from any portion of a proceeding when there is a substantial likelihood that the presence of the public, including the news media, would unduly inhibit any testimony, or endanger the safety of any witness, or interfere with the defendant's right to a fair trial. In jury trials, the probability of publication of the evidence or of any argument adduced at a hearing outside the presence of the jury shall be a sufficient reason for excluding the public, including the news media, from that portion of the trial, upon the ground of interference with the right to a fair trial. The time and date of any such order shall be entered by the court clerk in the court file together with such order. No such order shall be effective until seventy-two hours after it has been issued.

"(b) Any person affected by a court order issued pursuant to paragraph (a) shall have the right to appeal the order within seventy-two hours of its issuance by filing a petition for review with the appellate session of the superior court pursuant to Section 1088." The only order contemplated under subsection (a) is an "order that the public, which may include the news media, be excluded from any portion of a proceeding . . . ." Such an order was never entered by the trial judge. The only ruling of the court on the defendant's motion for an order concerning pretrial publicity was "[m]otion denied." This did not constitute a closure order within the meaning of § 895 (a). To the contrary, a public trial was continued.

Based upon all of the foregoing, we conclude that this court is without jurisdiction to entertain the defendant's petitions for review and for stay of proceedings and, therefore, the same are hereby dismissed.

In this opinion COVELLO and F. HENNESSY, Js., concurred.